# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| RACHID WILSON, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:24-cv-00537-RP-DH |
| § | |
| LELAND DUDEK, ACTING § | |
| COMMISIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| *Defendant* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Rachid Wilson's appeal of the Social Security Administration's ("SSA") denial of his application for social security disability benefits, and all related briefing. Dkts. 1-1; 10; 13; 14. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Having reviewed the filings and relevant case law, the undersigned recommends that the District Judge remand this case for further administrative proceedings.

## I.   BACKGROUND

Plaintiff Rachid Wilson filed an application for disability insurance benefits under Title II of the Social Security Act, alleging that he is entitled to benefits due to, among other impairments, "gout all over his body." Dkts. 7-5, at 2-3; 7-6, at 11. The SSA denied Wilson's application initially and on reconsideration, and then an

1

Administrative Law Judge ("ALJ") issued Wilson an unfavorable decision after holding a hearing. Dkts. 7-2, at 2-4, 8-19; 7-3, at 18-28.

The ALJ initially determined that Wilson had engaged in substantial gainful activity during his alleged disability period because Wilson testified that he had worked as a clerical assistant for a staffing company for at least nine months in late-2021 and 2022, but that there had been a twelve-month period during which he did not work during the relevant timeframe. Dkt. 7-2, at 13-14, 33-34. The ALJ also found that while Wilson had several medically determinable impairments, including gout/gout arthropathy, minimal right knee degenerative joint disease with marginal osteophytes and moderate to large effusion, hypertension, iron deficiency anemia, onychomycosis, and a history of both and foot lesions and cellulitis of the right toe, he did not have a severe impairment or combination of severe impairments that "significantly limit[ed]" his ability to perform basic work-related activities for twelve consecutive months. Dkt. 7-2, at 14, 17-18. Because the ALJ determined that Wilson was not eligible for benefits based on his lack of disability, she did not continue her analysis past this finding. *See id.* at 11-19.

Wilson proffers two reasons in support of his contention that the ALJ's decision should be vacated and that this case should be remanded for further administrative proceedings. First, he argues that the ALJ erred in finding that Wilson had no severe impairments considering the evidence and the governing legal standard. Dkt. 10, at 6-9. Second, he contends that the ALJ's Residual Functional Capacity ("RFC")

determination was legally erroneous and not supported by substantial evidence. *Id.* at 9-12.

## II.   STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if she is disabled) the Social Security Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017).

A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts

to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden ... shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted). Congress has limited judicial review of the Commissioner's final decision under the Social Security Act to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner correctly applied the relevant legal standards. 42 U.S.C. § 405(g); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

### III.   ANALYSIS

Wilson challenges the ALJ's step-two determination that Wilson had no severe impairment, or combination of severe impairments, such that he is not considered disabled under Society Security Ruling ("SSR") 85-28.[1] Under SSA regulations, an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a); *see also* 20 C.F.R. § 404.1520(c).[2] However, "the Fifth Circuit has stated and reaffirmed its view that

---

[1] In relevant part, SSR 85-28 states that "[a]n impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work[.]" *Titles II & XVI: Med. Impairments That Are Not Severe*, SSR 85-28 (S.S.A. 1985).

[2] "If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled." 20 C.F.R. § 404.1520(c). "Basic work activities" include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [c]apacities for seeing, hearing, and speaking; [u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations;

the regulatory definition of 'severe impairment' is inconsistent with how the Social Security Act defines disability." *Cardona v. Kijakazi*, No. EP-21-CV-00142-DCG, 2022 WL 16953665, at *3 (W.D. Tex. Nov. 14, 2022) (collecting cases). Instead, the Fifth Circuit defines "an impairment … as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (internal brackets and citations omitted). While it is a claimant's burden to establish severe impairment, he need only make a de minimis showing of severe impairment to meet this burden. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992)). Stated positively, "an impairment is severe if it is anything more than a 'slight abnormality' that 'would not be expected to interfere' with a claimant's ability to work." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

Here, Wilson argues that the ALJ's determination as to his lack of severe impairment, or combination thereof, is legally infirm because it runs afoul of Fifth Circuit precedent requiring that the ALJ only determine that a claimant's impairments are "not severe" if they present a "slight abnormality" that only has a "minimal effect" on claimant's ability to work. Dkt. 10, at 7-8; *Stone,* 752 F.2d at 1101. The Commissioner responds that substantial evidence supports the ALJ's

---

and [d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b) (internal numbering omitted).

determination that Wilson's medically determinable impairments were not severe, touting the ALJ's passing mention of SSR 85-28[3] to suggest that she followed the correct legal standard. Dkts. 7-2, at 14-15; 13, at 5-6. While the ALJ referenced SSR 85-28 and the Fifth Circuit's "minimal effects" standard in the legal standards section of her opinion, she then proceeded to cite to the SSA regulation's "significantly limit" standard throughout her analysis of Wilson's claims. Dkt. 7-2, at 12, 14, 16-17.

Specifically, the ALJ used the "significantly limits" standard in three separate parts of the opinion in which she makes conclusions about the severity of Wilson's impairment. Dkt. 7-2, at 13 ("In reaching the conclusion that the claimant does not have an impairment or combination of impairments that significantly limits his ability to perform basic work activities, the undersigned has considered all symptoms[.]"), 16 ("[W]hen considering the totality of the claimant's record, while the record does evidence the claimant having diagnoses of gout, degenerative joint disease, hypertension, iron deficiency anemia, onychomycosis, foot lesions, and cellulitis of the right toe, nothing in the record suggests that these impairments, individually or in combination, would significantly limit the claimant's ability to engage in work-related activity on a sustained basis. Therefore, while the claimant does have the medically determinable impairments, they are non-severe."), 17 ("The conclusion that the claimant does not have an impairment or combination of

---

[3] The Fifth Circuit has held that "[t]hough the precise wording differs, *Stone* and SSR 85-28 are not substantially different enough to warrant a finding of error." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

impairments that significantly limits his or her ability to perform basic work activities is consistent with the objective medical evidence and other evidence.").

"[W]hat matters is the application of the standard," not the talismanic recitation of the proper standard, and here the ALJ's opinion reveals that she relied on the incorrect standard in finding Wilson's impairments to not be severe. *Id.* at 13, 16-17; *Cardona*, 2022 WL 16953665 at *4 ("Citing the standard, however, is also not 'magic words.' What matters is the application of the standard."); *see also Cavazos v. Comm'r of Soc. Sec.*, No. 4:22-CV-01347, 2023 WL 6393884, at *3 (S.D. Tex. Sept. 29, 2023) (finding error where "the ALJ cited to both proper and improper severity standards" but "consistently comes back to the 'significantly limits' standard throughout the decision and makes unmistakably clear that it is the standard against which the ALJ weighed the evidence."). Had the ALJ applied the correct, and less demanding, standard to Wilson's claimed impairments, she may have come to a different severity determination—especially given that Wilson only had to make a de minimis showing of severe impairment to proceed past this step in the analysis.

Yet because the ALJ did not proceed past the step-two analysis in this case, the undersigned does not have occasion to assess whether the ALJ's failure to apply to correct legal standard was harmless error. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) ("Even if we were to conclude that the ALJ failed to properly apply the *Stone* standard, such a conclusion does not require an automatic reversal—if the ALJ proceeds past step two, we consider whether the error was harmless."); *Cardona*, 2022 WL 16953665 at *5 ("[T]he Court can't decide in this case whether the ALJ's failure

to apply the proper legal standard is harmless error because the ALJ did not proceed past step two."); *Cavazos*, 2023 WL 6393884, at *4 ("The Court need not opine on whether there is sufficient evidence to support a conclusion that is based on an incorrect, heightened standard, especially here where the analysis did not proceed beyond step two."). The undersigned recommends that the District Judge remand this case for further consideration of Wilson's impairments utilizing the "minimal effects" standard applied in the Fifth Circuit and set forth in SSR 85-28. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986) ("[W]e must remand the case to the Secretary for reconsideration of the facts and any further evidence in light of the slight abnormality standard which we have stated over and over.").

\* \* \*

Because the undersigned recommends that the District Judge remand this case based on the forgoing analysis, he does not reach Wilson's other basis for remand. *See Lindsey v. Astrue*, No. 3:09-CV-1649, 2011 WL 817173, at *11 (N.D. Tex. Mar. 9, 2011) (declining to reach plaintiff's other arguments after finding that reversal and remand was warranted on plaintiff's first ground for appeal).

## IV.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **REMAND** this cause of action for further administrative proceedings consistent with this opinion. It is **FURTHER ORDERED** that this cause of action is **REMOVED** from the docket of the undersigned.

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** March 28, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE